1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No. 2:89-cr-00258-WBS-AC-9

12                  Plaintiff/Respondent,

13         v.                               FINDINGS & RECOMMENDATIONS

14   DAVID A. NICHOLS,

15                  Defendant/Petitioner.

16

17         Petitioner David A. Nichols seeks coram nobis relief from his 1990 convictions for

18   violating 21 U.S.C. § 841(A)(1) (manufacturing, distributing or dispensing, or possessing with

19   intent to manufacture, distribute or dispense, a controlled substance) and 21 U.S.C. § 846

20   (attempting or conspiring to commit the preceding offenses).  ECF No. 304 (Petition for Writ of

21   Coram Nobis).  Petitioner seeks to expunge his conviction and set aside his resulting sentence

22   (originally 327 months, reduced to 262 months on August 15, 2017, ECF No. 303) on the ground

23   that the federal court did not have jurisdiction to convict and sentence him.  Petitioner contends

24   that his presence on nonfederal land in the state of California at the time of his arrest was outside

25   the territorial jurisdiction of the United States; that jurisdiction cannot be premised on the

26   Commerce Clause because petitioner was not engaged in interstate commerce; and that Congress

27   was without constitutional authority to "morally legislate" and enact the criminal statutes

28   underlying his convictions.

                                             1

This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).  For the reasons set forth below, the undersigned recommends that the petition be summarily denied.

Coram nobis is an extraordinary form of relief, available to challenge the validity of a conviction after the sentence has been fully served, "under circumstances compelling such action to achieve justice."  United States v. Morgan, 346 U.S. 502, 511 (1954).  The writ of coram nobis allows a court to vacate its judgment "for errors of fact . . . in those cases where the errors [are] of the most fundamental character, that is, such as rendered the proceeding itself invalid."  United States v. Mayer, 235 U.S. 55, 69 (1914).  To qualify for coram nobis relief, a petitioner must demonstrate that: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.  United States v. Riedl, 496 F.3d 1003, 1006 (9th Cir. 2007).

The claims asserted by petitioner fail to demonstrate an error warranting coram nobis relief.  Although petitioner is correct that he was not on federal land when arrested, and his criminal prosecution was not directly premised on the Commerce Clause, "[t]he Supreme Court has instructed that Congress may regulate those wholly intrastate activities which have an effect upon interstate commerce."  United States v. Visman, 919 F.2d 1390, 1393 (9th Cir. 1990), cert. denied, 502 U.S. 969 (1991) (citing Wickard v. Filburn, 317 U.S. 111, 125 (1942), and United States v. Darby, 312 U.S. 100, 120-21, (1941)).  More specifically, the constitutionality of 21 U.S.C. § 841(a)(1) et seq., pursuant to which petitioner was prosecuted and convicted, have routinely been upheld on the ground that Congress has the authority under the Commerce Clause to criminalize intrastate drug activity.  United States v. Kim, 94 F.3d 1247, 1250 (9th Cir. 1996) (citing Visman, 919 F.2d at 1393).  "Even if it be true that Defendant merely intended to use the [controlled substance] for himself, that fact makes no difference.  The government need not demonstrate a nexus to interstate commerce in every prosecution pursuant to section 841(a)(1)."  United States v. Smith, 920 F. Supp. 245, 248 (D. Me. 1996) (cited with approval in Proyect v. United States, 101 F.3d 11, 14 (2d Cir. 1996).

1    Moreover, Congress has vested in the federal district courts jurisdiction to prosecute

2    federal crimes and to sentence defendants convicted of those crimes.  United States v. Lee, 472

3    F.3d 638, 641 (9th Cir. 2006) (citing 18 U.S.C. § 3231 ("The district courts of the United States

4    shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the

5    laws of the United States.").  Petitioner's personal disagreement with Congress's choice to

6    criminalize the conduct underlying his convictions does not impact this court's jurisdiction over

7    petitioner's prosecution and sentencing.

8         For these reasons, the undersigned finds petitioner's claims without merit as a matter of

9    law.  Accordingly, IT IS HEREBY RECOMMENDED that petitioner's petition for writ of coram

10   nobis, ECF No. 304, be DENIED.

11        These findings and recommendations are submitted to the United States District Judge

12   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

13   days after being served with these findings and recommendations, any party may file written

14   objections with the court and serve a copy on all parties.  Such a document should be captioned

15   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

16   shall be served and filed within seven days after service of the objections.  The parties are advised

17   that failure to file objections within the specified time may waive the right to appeal the

18   District Courts order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19   DATED: November 21, 2019

20   _____

21   ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28